**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DEJUAN ANTHONY MEADE, JR.,** | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 2:25-cv-1468** |
| **v.** | : | **Judge Edmund A. Sargus, Jr.** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **DELEWARE COUNTY JAIL,** | : | |
| **Defendant.** | : | |

### REPORT AND RECOMMENDATION

On December 16, 2025, plaintiff, a prisoner at the Delaware County Jail (Jail), in Delaware, Ohio, filed a pro se letter with the Court regarding alleged conditions at the Jail. (ECF No. 1.)

Observing that plaintiff did not submit a complaint, pay the $405.00 filing fee, or request leave to proceed without prepayment of the filing fee, the Court entered an Order on February 27, 2026, directing him to correct those deficiencies. Specifically, the Court directed plaintiff to: (1) file a civil complaint that complied with the standards set forth in the Order within 30 days; and (2) either pay $405 ($350 filing fee plus $55 administrative fee) or file an application to proceed without prepayment of the filing fee within 30 days. (ECF No. 2, at PAGEID #: 4–5.)  Given his pro se status, the Court sent plaintiff an Application and Affidavit by Incarcerated Person to Proceed without Prepayment of Fees form and a civil complaint packet. (*Id*. at PAGEID #: 6.)

Additionally, the Court clearly warned plaintiff that if he did not comply with the

Court's Order, his case could be dismissed for want of prosecution.  (*Id*. at PAGEID #: 5.)

At this time, more than 30 days have passed since the Court entered the February 27, 2026 Order and plaintiff has not responded or sought an extension of time to do so. "District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).  Failure of a party to comply with an order of the Court warrants invocation of the Court's inherent power.  *See* Fed. R. Civ. P. 41(b).  Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's February 27, 2026 Order.  *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED without prejudice** for want of prosecution.

<u>**PROCEDURE ON OBJECTIONS**</u>

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A

party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

/s/ S. Courter M. Shimeall
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

3